BROWNING, C.J.
The State brings this interlocutory appeal from the circuit court’s order granting Appellee Edward Zecckine’s motion to suppress all self-incriminating statements made by Appellee to a jailmate, Kenneth Groves. We have jurisdiction over this type of appeal pursuant to Florida Rule of Appellate Procedure 9.140(c)(1)(B); see State v. Stanley, 754 So.2d 869, 870 (Fla. 1st DCA 2000). While conceding that some evidence in the record demonstrates that Groves became a “government agent” on or after November 27, 2000, when Groves first met with Detective Vancil, the State correctly asserts that the trial court erred by suppressing other statements by Appellee made to Groves and communicated to ' law-enforcement officials before Groves became a government agent. We affirm the suppression order insofar as it excluded any evidence obtained from Ap-pellee by Groves after Groves came a government agent on November 27, 2000; however, we reverse the order to the extent it suppressed evidence obtained from Appellee by Groves before Groves became a government agent. We do not disturb the other rulings in the order denying sanctions based on an alleged discovery violation; refusing to suppress Appellee’s recorded and unrecorded statements freely, knowingly, and voluntarily given to the law-enforcement authorities on May 24, 2000; and suppressing the statement given by Appellee to the authorities on May 30, 2000, without prior notification of appointed counsel.
*74 On May 24, 2000, Appellee was arrested for the January 31, 1997, murder of Bessie Echols, the victim of an apparent home invasion. On the same date, but before his arrest, Appellee gave two recorded statements to Detective Vancil admitting that Appellee had acted as a lookout while Delmar Kelly broke into the victim’s residence to steal a VCR. On May 25, 2000, the Public Defender’s Office was appointed to represent Appellee. Five days later, Ap-pellee gave a recorded statement to Detective Vancil in which he admitted having been inside the house when Kelly murdered the victim. On June 21, 2000, Ap-pellee was charged by information with second-degree murder with a weapon, burglary of a dwelling with assault or battery, and robbery with a deadly weapon.
It is well-established that the right to counsel applies to felony prosecutions under both the Sixth Amendment to the United States and Article I, Section 16, of the Florida Constitution. See Smith v. State, 699 So,2d 629, 638 (Fla.1997). Once this right attaches, the government cannot deliberately elicit incriminating statements from the accused regarding the charged offense without the presence or waiver of counsel. See Fellers v. United States, 540 U.S. 519, 523, 124 S.Ct. 1019, 157 L.Ed.2d 1016 (2004); Maine v. Moulton, 474 U.S. 159, 176-77, 106 S.Ct. 477, 88 L.Ed.2d 481 (1985); United States v. Henry, 447 U.S. 264, 274, 100 S.Ct. 2183, 65 L.Ed.2d 115 (1980); Massiah v. United States, 377 U.S. 201, 206, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964). To constitute a Sixth Amendment violation, the act must be performed by someone acting as an agent of the government by deliberately eliciting incriminating statements. See Henry, 447 U.S. at 273-74, 100 S.Ct. 2183; Brown v. State, 725 So.2d 1164, 1165-66 (Fla. 2d DCA 1998). “[T]he primary concern of the Massiah line of decisions is secret interrogation by investigatory techniques that are the equivalent of direct police interrogation.” Kuhlmann v. Wilson, 477 U.S. 436, 459, 106 S.Ct. 2616, 91 L.Ed.2d 364 (1986); see Cooper v. State, 856 So.2d 969, 973 (Fla. 2003) (“[T]he police may not sidestep constitutional protections by employing jail residents as independent contractors to interrogate defendants without the presence of an attorney.”). The passivity of law-enforcement authorities is the critical element in assessing the facts in any given ease. See Rolling v. State, 695 So.2d 278, 291 (Fla.1997); Bottoson v. State, 443 So.2d 962, 964-65 (Fla.1983); Lightbourne v. State, 438 So.2d 380, 386 (Fla.1983); Brown, 725 So.2d at 1166.
Before November 27, 2000, no agreement or plan (either tacit or overt) existed between Groves and Detective Vancil or any other official for Groves to obtain incriminating information from Ap-pellee. In fact, Groves and Detective Van-cil were strangers before that date. Prior to that date, Groves deliberately obtained incriminating information from Appellee, but Groves did so entirely of his own volition in the hope of improving his own situation. That Groves may have had a self-serving motive from the beginning, and may have hoped for a lighter sentence in exchange for eliciting incriminating information from Appellee, did not, of itself, render Groves a government agent. See Rolling, 695 So.2d at 292; Dufour v. State, 495 So.2d 154, 159 (Fla.1986).
We REVERSE the trial court’s order to the extent it suppressed statements made by Appellee to Groves and communicated by Groves to the authorities before November 27, 2000. We AFFIRM the order in all other respects.
DAVIS and LEWIS, JJ., concur.